ELIADA PECK & another *vs.* WILLIAM ASHLEY.

When a bill in equity seeks for discovery only, and not for relief also, the defend ant will be compelled to make discovery, if the court can suppose that it can be in any way material to the plaintiff, in support or defence of any suit; although the bill does not aver that the right, which the plaintiff seeks to enforce, cannot be established without the aid of the discovery which is sought.

An action on a contract was brought against three defendants, one of whom alone defended it; and the plaintiff filed a bill against him for a discovery of a letter, written to him by the other defendants, concerning the subject of the action. *Held*, on demurrer to the bill, that the defendant must answer it, either by making the discovery which was sought by it, or by stating such facts as would excuse him from making the discovery.

THIS was a bill in equity, in which it was alleged that Eliada Peck and John Doten, (the plaintiffs,) late partners in trade, commenced a suit at law, on the 5th of August

1844, against William Ashley, (the defendant,) of Sheffield, William A. Hillyer and Cassamain Frisbee, of the city of New York, which action was still pending in the court of common pleas in this county; and that the dec aration, in that action, was on a contract, in these terms: "Know all men by these presents, that we, William A. Hillyer & Co. of the city of New York, do hereby covenant and agree with Messrs. Peck & Doten, of Sheffield in the State of Massachusetts, to take all the eggs that the said Peck & Doten take in, from this 22d day of May 1843, up to the 1st of February 1844, at ten cents per dozen. The said Peck & Doten agree to put up said eggs, in good barrels and clean oats, for the said Hillyer & Co. who agree to take them at Peck & Doten's count, and allow the market price for oats; barrels to be returned or charged twenty five cents; to be marked 'William A. Hillyer & Co., 147 Cedar Street, New York, by the Hous. Rail Road,' once a week, or oftener, as said Peck & Doten think proper. We, the said Hillyer & Co., do further agree to take of said Peck & Doten all the butter that said Peck & Doten buy, from the 22d day of May 1843 to the 1st of February 1844, and pay them $13\frac{1}{2}$ cents per pound, and put up under the direction of John Hillyer, agent of W. A. Hillyer & Co., marked 'W. A. Hillyer & Co., 147 Cedar Street, city of New York,' and delivered once a week, or oftener, as said Peck & Doten think proper. We, the said Hillyer & Co. agree to pay the receipts of said butter and eggs, according to said Peck & Doten's directions. The said Hillyer & Co. agree to pay all the freight and expenses on said butter and eggs. Said Peck & Doten to deliver said butter and eggs to John Hillyer, agent for W. A. Hillyer & Co. We, the said Hillyer & Co. agree to furnish what tubs the said Peck & Doten may want, marked 'W. A. Hillyer & Co. No. 147 Cedar Street; Hous. Rail Road; from Peck & Doten.'

William A. Hillyer & Co.<br>William Ashley.<br>Peck & Doten."

The bill stated that the plaintiffs, in their said declaration,

alleged the fulfilment, by them, of the said contract, and their readiness to fulfil it; and that, in September 1843, the defendants refused to receive any more butter and eggs. The bill then stated, that said action was referred to an auditor, to state the account, and that he gave notice to the parties, and met them in January, and that William Ashley, the present defendant, appeared to defend the action. The plaintiffs then alleged, in their bill, that said Ashley had received a letter of instructions from W. A. Hillyer & Co. directing him to condemn the butter, and stop the sending of any more; that it was important to the plaintiffs to have evidence of the contents of said letter, before the auditor, and that said Ashley had due notice to produce the letter, at the hearing before the auditor, and refused so to do.

The prayer of the bill was, that a writ of subpœna might issue against said Ashley, to compel him to disclose the contents of such letter.

The defendant demurred to the bill, and the plaintiffs joined in demurrer.

*W. G. Bates,* in support of the demurrer. The letter called for is immaterial to the maintenance of the plaintiffs' action at law, which is defended by Ashley. That letter cannot affect his defence; for it is not averred in the bill that the New York traders, Hillyer & Co. wrote the letter, or that Ashley did any thing in consequence of the letter. Wigram on Discovery, (1st Amer. ed.) 158 *& seq.* Story Eq. Pl. § 313. *Clapp* v. *Shephard,* 23 Pick. 228. *Gelston* v. *Hoyt,* 1 Johns. Ch. 547. *Leggett* v. *Postley,* 2 Paige, 599.

The plaintiffs have no such interest in the question as entitles them to a discovery of the contents of the letter; as Ashley alone defends the action at law. Story Eq. Pl. §§ 567, 570.

The letter was a confidential business letter, and is therefore not to be disclosed on a bill of discovery. Story Eq. Pl. §§ 599, 600. *Bolton* v. *Corporation of Liverpool,* 3 Simons, 467, and 1 Myl. & Keen, 88.

*Bishop & Sumner,* for the plaintiffs. The letter is material

to show that the defendants in the action at law rejected the butter without just cause. 2 Story on Eq. (3d ed.) § 1493 *a*. 1 Daniell Ch. Pract. 625. *Ocean Ins. Co.* v. *Fields*, 2 Story R. 59. Story Eq. Pl. §§ 319 – 325.

DEWEY, J. 1. It is objected that the materiality of the evidence sought to be disclosed by aid of a bill of discovery ought to be more distinctly alleged in the bill, or be made apparent from the recital of the supposed contents of the paper as to which discovery is sought. It is the language of some reported cases, that the party seeking a discovery must show affirmatively, in his bill, that the right, which he seeks to enforce at law, cannot be established without the aid of the discovery which he seeks. Mr. Justice Story thinks this rule applicable only to bills seeking relief, as well as discovery, and that where the bill is for discovery only, a different rule prevails. He says the doctrine in such cases is, that "a party may maintain a bill of discovery, not only when he is destitute of other evidence to establish his case, but also to aid such evidence, or to render it unnecessary." Story Eq. Pl. § 319, *note*, and authorities there cited. In general, if it can be supposed that the discovery may in any way be material to the plaintiff, in the support or defence of any suit, the defendant will be compelled to make it. Story Eq. Pl. § 567.

2. It is urged that, as the action at law is solely defended by Ashley, the contents of the letter now sought to be disclosed would not be competent evidence on the trial of that case. To sustain the demurrer upon this ground, it must appear that the evidence would not be competent for any purpose. If, under any circumstances, it might be introduced as evidence, that is sufficient for the present case. It is true that Ashley alone defends the suit at law, but he necessarily defends as to a joint promise. The statement of the co-defendants, oral or written, may or may not be evidence against Ashley. As evidence against him, the letter written to him by the other defendant might be material as respects him, if assented to by him, and especially if acted upon by

him. We decide, however, nothing further as to the compe-tency of the proposed evidence, than that the objection to the bill, upon this ground, is not sustained. In the answer of the defendant, he may set forth any other and additional facts, if such exist, as reasons for not making a disclosure.

3. It is further contended by the defendant, that the letter, as to which discovery is sought, was a confidential communication, and that, upon the principle applied in excluding communications made to counsel, this evidence should alike be protected from disclosure. But we think the cases are not analogous.

The defendant in this bill, from whom evidence is sought to be obtained of a communication made to him, is one of the parties to the suit at law; and as a party, any inquiry may be made of him, tending to charge him civilly, but not criminally. Assuming the letter to have been confidential, as between the parties, if the evidence in the suit at law shall establish the fact that the defendant Ashley was a party to the contract sought to be enforced, then any facts known by him, or any acts done by him, in reference thereto, may be properly drawn from him by a bill of discovery, and intro-duced as evidence, as they would be from any other party defendant.

The demurrer must be overruled, and the defendant answer to the bill of discovery, either by making the disclosure sought, or stating, in his answer, such additional facts as will excuse him from making the discovery.

*Demurrer overruled.*